## Richmond.

# VIRGINIA TRUST COMPANY, RECEIVER OF RICHMOND AND HENRICO RAILWAY COMPANY V. RAYMOND.

### March 15, 1917.

1. STREET RAILWAYS—*Opportunity to Alight.*—In an action for personal injuries to a street car passenger, the declaration contained two counts. The first count charged negligence in not allowing time for the passenger to alight. The second count alleged that the passenger was not allowed a reasonable time after alighting from the car to get out of the way before the car was put in motion. The evidence from the standpoint of a demurrer thereto sustained both counts of the declaration. It showed that after the car had stopped to allow other passengers and the plaintiff to alight, and while plaintiff was in the act of getting off from the front end with one foot on the ground, and was attempting to put the other foot down, the car was prematurely started forward at a rapid rate of speed, and before plaintiff could recover her balance and get out of the way, her clothing was caught by the fender on the rear end of the car as it swung around a curve and overlapped the track, and she was thrown down and seriously injured.

2. STREET RAILWAYS—*Contributory Negligence—Last Clear Chance.*—Under the pleading and evidence in this case, the following instruction was appropriate and correctly propounded the doctrine of the last clear chance: "Even though you may believe from the evidence that the plaintiff was guilty of contributory negligence, yet this will not prevent the plaintiff from recovering in this case, if the jury shall further believe from the evidence that the motorman or conductor in charge of the defendant's car saw, or by the exercise of reasonable care and caution in keeping a lookout could have seen, that the plaintiff was in danger of being struck by the rear end of said car, should said car continue around the curve at Fifth and Louisiana streets, and that said motorman and conductor could have stopped said car by the use of ordinary care and caution in time to have prevented the rear end of said car from striking the plaintiff, but failed to do so, then the jury should find for the plaintiff."

Error to a judgment of the Circuit Court of the city of Richmond, in an action of trespass on the case.  Judgment for the plaintiff.  Defendant assigns error.

*Affirmed.*

The opinion states the case.

*Gunn & Mathews* and *S. A. Anderson,* for the plaintiff in error.

*L. O. Wendenburg* and *T. Gray Haddon,* for the defendant in error.

Whittle, P., delivered the opinion of the court.

This case is before us on writ of error to a judgment in favor of the defendant in error, the plaintiff below, in an action to recover damages for personal injuries ascribed to the negligence of the plaintiff in error.

The plaintiff was a passenger on the defendant's car, her destination being the corner of Fifth and Louisiana streets, in the city of Richmond.

The declaration contains two counts.  The first count charges that after the car had stopped at the point referred to for the purpose of allowing passengers to alight, and while plaintiff was in the act of getting off and before she could safely reach the pavement, the conductor and motorman negligently started the car forward, and thereby, without any negligence on her part, plaintiff was thrown to the ground and injured.  The second count alleges that the defendant owed the plaintiff, as a passenger, the highest degree of care to protect her from injury by allowing her reasonable time after alighting from the car to get out of the way before putting the car in motion; and charges that she was a passenger and rang the bell to stop the car at her

destination; that the car stopped to permit her to alight; that after she had stepped off, and before she had reasonable time to get out of the way of the car, and when by the exercise of ordinary care her peril could have been discovered, and it was apparent that if the car was moved it would strike her, the conductor and motorman in charge negligently started the car ahead and the rear of it caught in her clothes, without negligence on her part, and she was thrown down and injured.

It is sufficient to say of the evidence that, from the standpoint of a demurrer thereto, it sustains both counts of the declaration. It showed that after the car had stopped to allow other passengers and the plaintiff to alight, and while she was in the act of getting off from the front end with one foot on the ground, and was attempting to put the other foot down, the car was prematurely started forward at a rapid rate of speed (as one of the witnesses testified, "The car went around the curve at a very rapid rate, more rapid than I have ever seen a car go around a curve, and I have been living on a curve ten years."), and before plaintiff could recover her balance and get out of the way, her clothing was caught by the fender on the rear end of the car as it swung around the curve and overlapped the track, and she was thrown down and seriously injured.

The instructions given by the court covered every material phase of the controversy. The only error assigned in regard to instructions is to No. 8, which reads: "The court instructs the jury that wherever you are instructed that you may find for the defendant, should it be proven that the plaintiff was guilty of contributory negligence, those instructions are subject to this qualification: that even though you may believe from the evidence that the plaintiff was guilty of contributory negligence, yet this will not prevent the plaintiff from recovering in this case, if the jury shall further believe from the evidence that the motorman or·

conductor in charge of the defendant's car saw, or by the exercise of reasonable care and caution in keeping a lookout could have seen, that the plaintiff was in danger of being struck by the rear end of said car, should said car continue around the curve at Fifth and Louisiana streets, and that said motorman and conductor could have stopped said car by the use of ordinary care and caution in time to have prevented the rear end of said car from striking the plaintiff, but failed to do so, then the jury should find for the plaintiff."

This instruction correctly propounds the doctrine of the last clear chance, and was appropriate under the pleading and evidence. The motorman, who was at the front end of the car, saw the position of the plaintiff, and says she was standing close to the car and he told her to get back so that the rear end would not strike her. "I said watch out for the rear end and motioned with my hand." It was also in evidence that the conductor, who was standing on the step at the rear end of the car saw her peril and motioned to her to get back. And the evidence of the defendant was that she did remove herself to a place of safety, but afterwards walked toward the car and was struck. This theory of the accident, however, was positively denied by the testimony of the plaintiff, whose version of the occurrence has already been given.

The duty of the jury with respect to these conflicting theories was correctly submitted to them for decision, and upon familiar principles their finding cannot be disturbed by this court.

We find no error in the rulings of the circuit court, and its judgment must be affirmed.

*Affirmed.*